UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KENDALL BROWNE,

Plaintiff, 23 Civ. 8559 (AEK)

-against- **DECISION AND ORDER**

P.O. QUANTE RYER, *Shield #1478, Individually*,

Defendant.
-----------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Plaintiff Kendall Browne brings this action against City of Middletown Police Officer Quante Ryer ("P.O. Ryer" or "Defendant"), asserting a claim pursuant to 42 U.S.C. § 1983 for an allegedly unreasonable seizure arising out of a September 27, 2023 traffic stop. *See* ECF No. 1 ("Complaint" or "Compl.") ¶¶ 7-9. Currently before the court is Defendant's motion for summary judgment, ECF No. 25, and Plaintiff's motion requesting that the Court certify a question of law to the New York State "Supreme Court," ECF No. 35. For the reasons set forth below, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

### I. Factual Background

The facts set forth in this section are undisputed unless otherwise noted and are taken from Defendant's Local Civil Rule 56.1 Statement, ECF No. 27 ("Def.'s 56.1"), and the

---

[1] On February 15, 2024, the Honorable Nelson S. Román endorsed and docketed a fully executed Form AO 85, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," in which the parties consented to the reassignment of this matter to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). ECF No. 18. This matter was then reassigned to the undersigned.

supporting materials submitted by Defendant. Plaintiff did not submit a response to Defendant's Local Civil Rule 56.1 Statement.[2]

On September 27, 2023, P.O. Ryer was stationary in his marked patrol car in a parking lot at the intersection of Sprague Avenue and Genung Street in Middletown, New York, when he first observed the vehicle that was being driven by Plaintiff. Def.'s 56.1 ¶ 1; ECF No. 29 (Affidavit of Quante Ryer ("Ryer Aff.")) ¶ 3. The vehicle entered the parking lot and circled around P.O. Ryer's patrol car. Def.'s 56.1 ¶ 2; Ryer Aff. ¶ 3; ECF No. 28 (Affidavit of Alex Smith ("Smith Aff.") Ex. C ("Browne Dep.")) at 7:18-9:4. Plaintiff testified that he turned into the parking lot because he "saw [P.O. Ryer] sitting there and [he] was curious to see what [P.O. Ryer] was doing . . . ." Browne Dep. at 8:3-7. While the vehicle was circling P.O. Ryer's patrol car, P.O. Ryer observed that the side and rear side windows of the vehicle were completely non-transparent, in violation of New York Vehicle and Traffic Law ("VTL") §§ 375.12-a(b)(2)-(3). Def.'s 56.1 ¶ 3; Ryer Aff. ¶ 3. After circling P.O Ryer's patrol car, the vehicle immediately exited the parking lot onto Sprague Avenue. Defs' 56.1 ¶ 2; Ryer Aff. ¶ 3. P.O. Ryer followed

[2] Local Civil Rule 56.1 of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York mandates that "[t]he papers opposing a motion for summary judgment must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." This requirement extends to a *pro se* plaintiff who has been provided with proper notice of this obligation pursuant to Local Civil Rule 56.2, as Plaintiff was here. *See* ECF No. 26; *Cain v. Esthetique*, 182 F. Supp. 3d 54, 63 (S.D.N.Y. 2016). Under the Local Rule, "[i]f the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003). Although Plaintiff failed to respond to Defendant's Local Civil Rule 56.1 Statement, and therefore did not comply with the Local Rules, the Court has exercised its "broad discretion to determine whether to overlook a party's failure to comply with local court rules," and has opted to "conduct an assiduous review of the record" for purposes of deciding the instant motion. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (quotation marks omitted).

the vehicle out onto Sprague Avenue and conducted a traffic stop because of the non-transparent windows. Def.'s 56.1 ¶ 4; Ryer Aff. ¶ 4. P.O. Ryer did not conduct a tint meter test because the windows were "obviously completely non-transparent in violation of State law." Def.'s 56.1 ¶ 5; Ryer Aff. ¶ 4.

After the vehicle was stopped, P.O. Ryer approached the vehicle and had a brief conversation with Plaintiff, during which he explained the reason for the stop and asked for Plaintiff's license and registration. Def.'s 56.1 ¶ 8; Ryer Aff. ¶ 6; Ryer Aff. Ex. G ("Body Cam Video") at 1:18-3:14; Browne Dep. at 10:4-11:5. P.O Ryer then returned to his patrol car where he ran a check on Plaintiff's driver's license and the license plate of the vehicle Plaintiff was driving, and prepared the traffic summonses. Def.'s 56.1 ¶¶ 9, 13; Ryer Aff. ¶¶ 6-7; Body Cam Video at 3:15-18:00; Browne Dep. at 11:6-22. Finally, P.O. Ryer walked back to Plaintiff's vehicle and gave him four traffic citations, one for each window. Def.'s 56.1 ¶ 10; Ryer Aff. ¶ 6; Ryer Aff. Ex. F (traffic tickets); Body Cam Video at 18:01-18:43; Browne Dep. at 12:4-20. P.O. Ryer's body camera activated as soon as he turned on his patrol car's emergency lights; the recording then automatically captured the previous 30 seconds (though without audio). *See* Def.'s 56.1 ¶ 6; Ryer Aff. ¶ 5. The entirety of P.O. Ryer's interaction with Plaintiff is captured on the video, and the video is a total of 18 minutes of 43 seconds long; Plaintiff was detained, as recorded in the body camera video, for a total of 18 minutes and 13 seconds. Def.'s 56.1 ¶¶ 6-7; Ryer Aff. ¶ 5; *see* Body Cam Video.

On December 21, 2023, Plaintiff appeared in Middletown City Court and pled guilty to a reduced charge of "parking on pavement" in violation of VTL § 1201a to cover all charges

related to the citations issued during the September 27, 2023 traffic stop. Def.'s 56.1 ¶ 29[3]; Smith Aff. Ex. D.

## II. Procedural History

Plaintiff initiated this action on September 28, 2023. ECF No. 1 ("Complaint" or Compl."). Defendant filed his answer on January 23, 2024. ECF No. 13. The Court set a briefing schedule for Defendant's motion for summary judgment at a status conference on June 10, 2024, *see* ECF No. 24, and on July 30, 2024, Defendant filed the instant motion for summary judgment and accompanying papers, ECF Nos. 25-30. Plaintiff filed his opposition to the motion for summary judgment on August 30, 2024, ECF No. 33 ("Pl.'s Opp."), and Defendant submitted his reply memorandum of law on September 12, 2024, ECF No. 34. On September 20, 2024, Plaintiff filed a "motion to certify a question of law to the New York State [ ] Supreme Court." ECF No. 35 ("Pl.'s Mtn. to Certify"). Defendant filed his opposition to that motion on September 30, 2024. ECF No. 37 ("Opp. to Mtn. to Certify").

# LEGAL STANDARDS FOR SUMMARY JUDGMENT

## I. Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 320-23 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[3] This paragraph of Defendant's Local Civil Rule 56.1 Statement is mistakenly numbered as paragraph "16," but that is clearly a typographical or formatting error; the paragraph is the 29th numbered paragraph of the document, all of which are sequentially numbered except for this one. Accordingly, the Court refers to this paragraph as paragraph 29 of Defendant's Local Civil Rule 56.1 Statement.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, a court is required to "resolv[e] all record ambiguities and draw[] all factual inferences in favor of the non-moving party." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 145 (2d Cir. 2007); *see also Anderson*, 477 U.S. at 261 n.2; *Mount Vernon Fire Ins. Co. v. Belize NY, Inc.*, 277 F.3d 232, 236 (2d Cir. 2002). A party cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials" cannot "create" genuine disputes of material fact "where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quotation marks omitted). Nor can a party opposing summary judgment "rest on the allegations or denials of his pleading." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson*, 477 U.S. at 255; *accord Williams v. N.Y.C. Housing Auth.*, 61 F.4th 55, 76 (2d Cir. 2023). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 975 (2d Cir. 1992) (citing *H.L. Hayden Co. v. Siemens Med. Sys. Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989)).

## II. Filings by *Pro Se* Litigants

In cases involving *pro se* litigants, on a motion for summary judgment, the court reads the submissions of the *pro se* party "liberally and interpret[s] them to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (quotation marks omitted). Nonetheless, application of this different standard "does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence are insufficient to overcome a motion for summary

judgment." *Gunn v. Milani*, No. 20-cv-2681 (KMK), 2024 WL 4124319, at *7 (S.D.N.Y. Sept. 9, 2024) (cleaned up).[4]

## DISCUSSION

Defendant makes various arguments in both his original memorandum of law and his reply memorandum of law regarding the potential applicability of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* ECF No. 30 at 3-4; ECF No. 34 at 3-7. Because the Court finds that Plaintiff's claim is subject to dismissal for the reasons set forth below, it is not necessary to reach the question of whether the *Heck* doctrine applies to any aspect of Plaintiff's claim. *See Teichmann v. New York*, 769 F.3d 821, 829 (2d Cir. 2014) (Calabresi , J., concurring) ("[T]here are many cases that have the potential to raise *Heck* questions [that] can be disposed of based on well-settled principles upon which there is broad agreement, and when that is so, it is generally desirable for . . . district courts to decide them on these non *Heck* grounds.").

### I. Defendant's Motion for Summary Judgment

#### A. The September 27, 2023 Traffic Stop Did Not Violate Plaintiff's Fourth Amendment Rights

Plaintiff brings his claim against P.O. Ryer pursuant to 42 U.S.C. § 1983. That statute provides, in relevant part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a

[4] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Plaintiff along with this Decision and Order.

mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-cv-10204 (PMH), 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021).

Plaintiff asserts that the traffic stop on September 27, 2023 was "unnecessarily prolonged," resulting in "an unlawful seizure" in violation of his Fourth Amendment rights. Compl. ¶ 9. The Court disagrees.

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is a "seizure" of the driver within the meaning of the Fourth Amendment "even though the purpose of the stop is limited and the resulting detention quite brief." *Brendlin v. California*, 551 U.S. 249, 255 (2007) (cleaned up); *see Whren v. United States*, 517 U.S. 806, 809 (1996). "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission—to address the traffic violation that warranted the stop, and attend to related safety concerns . . . .'" *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (cleaned up). "[A] traffic stop can become unlawful if it is prolonged beyond the time reasonably required to complete the mission owf issuing a warning ticket." *Id.* at 354-55 (cleaned up). "Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to the traffic stop." *Id.* at 355. (cleaned up). "Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* "These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly." *Id.*

Plaintiff does not allege in the Complaint, nor does he argue in his opposition to the motion for summary judgment, that the September 27, 2023 traffic stop was unconstitutional at the outset. There is no contention here that P.O. Ryer lacked either probable cause or reasonable

suspicion to initiate the traffic stop. The only question presented in this action is whether the stop lasted so long as to make it an unreasonable seizure within the meaning of the Fourth Amendment. As to that narrow issue, the uncontroverted evidence in the record before the Court makes clear that P.O. Ryer did not take any actions during the September 27, 2023 traffic stop that went beyond the "mission" of issuing traffic tickets and conducting ordinary inquiries incident to the stop.

P.O. Ryer's body camera recorded the entirety of the September 27, 2023 traffic stop. *See* Body Cam Video. It shows that upon pulling over the vehicle that Plaintiff was driving, P.O. Ryer exited his patrol car, approached the vehicle, and had a brief conversation with Plaintiff, during which he explained the reason for the stop and asked for Plaintiff's license and registration. Def.'s 56.1 ¶ 8; Ryer Aff. ¶ 6; Body Cam Video at 1:18-3:14. P.O. Ryer then returned to his patrol car where he ran a check on Plaintiff's driver's license and the license plate of the vehicle Plaintiff was driving, and prepared the traffic summonses. *See* Def.'s 56.1 ¶¶ 9, 13; Ryer Aff. ¶¶ 6-7; Body Cam Video at 3:15-18:00. Finally, P.O. Ryer walked back to Plaintiff's vehicle and gave him four traffic citations, and allowed Plaintiff to be on his way. Def.'s 56.1 ¶ 10; Ryer Aff. ¶ 6; Body Cam Video at 18:01-18:43. Despite Plaintiff's assertions, *see* Browne Dep. at 13:18-15:16, the body camera recording shows that P.O. Rivera did not take any additional unnecessary action that unreasonably prolonged the stop beyond the time needed to conduct the "ordinary inquiries incident to the traffic stop," *Rodriguez*, 575 U.S. at 355, and prepare and issue the traffic citations, and the entire stop lasted only a little longer than 18 minutes, *see* Body Cam Video. Plaintiff has failed to come forward with any evidence from which a reasonable jury could conclude that P.O. Ryer took any actions to improperly prolong

the September 27, 2023 traffic stop beyond the time reasonably required to complete the "mission" of the traffic stop.

Accordingly, Defendants' motion for summary judgment as to Plaintiff's unreasonable seizure claim is GRANTED.

**B. A Claim Cannot Be Raised for the First Time in Opposition to a Motion for Summary Judgment**

In his opposition to the motion for summary judgment, Plaintiff for the first time attempts to raise an entirely new claim: a challenge to the constitutionality of VTL §§ 375.12a(b)(2)-(3) on the ground that the statutes are unconstitutional because they "allow for arbitrary enforcement and excessive ticketing and fines in violation of the 8th Amendment of the United States Constitution." Pl.'s Opp. ¶ 4; *see* ECF No. 32 at ECF pg. 3 (Plaintiff's filing noting that the constitutionality of these provisions "has been challenged in the [P]laintiff's Opposition for Summary Judgment on August 30, 2024"). There is no reference to a constitutional challenge in the Complaint. Even the broadest possible reading of the pleadings does not suggest that Plaintiff ever intended to raise an issue with respect to allegedly excessive ticketing, and Plaintiff never sought to file an amended complaint in this matter.

It is well established that "[a] party cannot assert a cause of action for the first time in response to a summary judgment motion." *Greenidge v. Allstate Ins. Co.*, 312 F. Supp. 2d 430, 436-37 (S.D.N.Y. 2004), *aff'd*, 446 F.3d 356, 361 (2d Cir. 2006); *see also Rojo v. Deutsche Bank*, 487 F. App'x 586, 588-89 (2d Cir. 2012) (summary order) ("We have refused to address the merits of claims raised for the first time [in opposition to summary judgment]."); *Brandon v. City of New York*, 705 F. Supp. 2d 261, 278 (S.D.N.Y. 2010) ("It is black letter law that a party may not raise new claims for the first time in opposition to summary judgment."); *Bush v. Fordham Univ.,* 452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006) ("[C]ourts in this District have

consistently ruled that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment" (quotation marks omitted)). This is true even in cases filed by *pro se* litigants. *Cooney v. Consol. Edison*, 220 F. Supp. 2d 241, 253 (S.D.N.Y. 2002) (holding, in case with *pro se* plaintiff, that "[a] party may not raise new claims for the first time in response to a motion for summary judgment"), *aff'd*, 63 F. App'x 579 (2d Cir. 2003).

Accordingly, because it was raised for the first time in his opposition to the motion for summary judgment, the Court will not consider Plaintiff's constitutional challenge to VTL §§ 375.12a(b)(2)-(3).

**II. Plaintiff's Motion to Certify Questions of Law**

Finally, Plaintiff requests that this Court certify three questions of law to the "Supreme Court" of New York State:

> 1. Can Officer Q. Ryer give the Plaintiff Kendall Browne a total of four traffic citations for each window that's tinted on the Plaintiff's vehicle under NYS VTL § 375.12-a(b)(2)-(3)?
>
> 2. Would the issuance of four traffic citations for each window that's tinted on the Plaintiff's vehicle under NYS VTL § 375.12-a(b)(2)-(3) violate the Plaintiff's 4th Amendment right to be free from [ ] an unreasonable prolonged seizure?"
>
> 3. Would the issuance of four traffic citations for each window that's tinted on the Plaintiff's vehicle under NYS VTL § 375.12-a(b)(2)-(3) violate the 8th Amendment right to be free from excessive fines under the Federal Constitution?

Pl.'s Mtn. to Certify at 1.

The highest court of law in New York State is the New York Court of Appeals; the "Supreme Court" is the name of the trial-level court in New York State. Accordingly, the Court interprets Plaintiff's motion as requesting that these questions be certified to the New York Court of Appeals for resolution. As an initial matter, the second and third questions that Plaintiff seeks to have certified are questions that require interpretation of the United States Constitution; these

questions therefore concern the interpretation of federal law, and questions regarding the interpretation of federal law are not appropriate for certification from a federal court to a state court. *See Kidney by Kidney v. Kolmar Lab'ys, Inc.*, 808 F.2d 955, 957 (2d Cir. 1987) (observing that "the certification procedure is a valuable device for securing prompt and authoritative resolution of unsettled questions of *state* law" (emphasis added)).

To determine whether the first question can be certified, the Court must look to applicable New York State law and procedures. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 56 F. Supp. 3d 568, 570 (S.D.N.Y. 2014) (explaining that the question of whether a federal district court may certify a question of state law to a state's highest court "depends largely on the law and procedures of the state receiving the question"). Article 6, Section 3(b)(9) of the New York State Constitution requires that the New York Court of Appeals "adopt . . . a rule to permit the court to answer questions of New York law certified to it by the Supreme Court of the United States, a court of appeals of the United States or an appellate court of last resort of another state . . . ." N.Y. Const. Art. 6, § 3(b)(9). Consistent with this provision, Section 500.27 of the Rules of Practice of the New York Court of Appeals, 22 N.Y. Comp. Codes R. & Regs. § 500.27, provides that the New York Court of Appeals may receive "dispositive questions of [New York] law" certified by "the Supreme Court of the United States, any United States Court of Appeals, or a court of last resort of any other state . . . ." Neither the New York State Constitution nor the Rules of Practice of the New York Court of Appeals permit the New York Court of Appeals to receive a certified question of law from a federal *district* court. *See* N.Y. Const. Art. 6, § 3(b)(9); 22 N.Y. Comp. Codes R. & Regs. § 500.27; Advisory Group to the New York State and Federal Judicial Council, *Practice Handbook on Certification of State Law Questions by the United States Court of Appeals for the Second Circuit to the New*

*York State Court of Appeals*, at 6, *available at* https://www.nycourts.gov/ctapps/forms/certhandbk.pdf [https://perma.cc/2HKZ-TDPR] (last visited Mar. 28, 2025).

Because New York law and procedures do not permit certification of questions of law to the New York Court of Appeals by federal district courts, Plaintiff's motion to have this Court certify questions of law to the New York Court of Appeals must be DENIED.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 25) is GRANTED, and Plaintiff's motion to certify questions of law (ECF No. 35) is DENIED. The Clerk of Court is respectfully directed to terminate all pending motions, enter judgment in favor of Defendant, and close this case.

Dated: March 31, 2025
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Decision and Order has been mailed by Chambers to the *pro se* Plaintiff at his address of record on the docket as of the date of the Decision and Order.